UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IVOR VAN HEERDEN | * | CIVIL ACTION NO. 3:10-CV-00155 |
| | * | |
| VERSUS | * | |
| | * | |
| BOARD OF SUPERVISORS OF | * | JUDGE JAMES J. BRADY |
| LOUISIANA STATE UNIVERSITY AND | * | |
| AGRICULTURAL AND MECHANICAL | * | |
| COLLEGE, BROOKS KEEL, ROBERT | * | |
| TWILLEY, GEORGE VOYIADJIS, AND | * | |
| DAVID CONSTANT | * | MAGISTRATE CHRISTINE NOLAND |

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO VAN HEERDEN'S MOTION FOR INJUNCTIVE AND/OR EQUITABLE RELIEF

MAY IT PLEASE THE COURT:

This supplemental memorandum is submitted on behalf of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"), Brooks Keel ("Keel"), Robert Twilley ("Twilley"), George Voyiadjis ("Voyiadjis"), and David Constant ("Constant") (collectively the "Defendants"), in opposition to the Motion for Injunctive And/Or Equitable Relief by Ivor Van Heerden ("Van Heerden" or "Plaintiff") in this matter. Van Heerden's request for injunctive relief seeking to force LSU to renew or continue his contract, which expires on May 21, 2010, should be denied by this Court.

1

At the Court's request, the Defendants are submitting this supplemental memorandum to address the second element required to be established by a party seeking a preliminary injunction – the substantial threat of irreparable injury. Given the Court's specific and narrow request, the Defendants will not restate the factual background of this matter or include a lengthy discussion of the other required elements in this memorandum.[1]

Van Heerden's motion should be denied because, among other things, Van Heerden cannot establish that he will suffer irreparable harm if the injunction is not granted.[2] Any damages suffered by Van Heerden can be adequately and completely addressed in the unlikely event he prevails on the merits of his case. For the reasons set forth in this supplemental memorandum and in the original opposition memorandum filed herein, Van Heerden cannot establish the element of irreparable harm, or any of the other required legal elements for injunctive relief, and his motion should be denied.

## I. LAW AND ARGUMENT

The Fifth Circuit has made clear that a party seeking a preliminary injunction must establish: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the

---

[1] Instead, the Defendants refer the Court to the Memorandum in Opposition to Van Heerden's Motion for Temporary Restraining Order and Injunctive Relief (Doc # 12) and the Affidavits of David Constant and Chuck Wilson submitted therewith.

[2] Although Van Heerden claims that he needs and is entitled to emergency injunctive relief, his argument is belied by the fact that despite being advised in April 2009 that his contract would not be renewed, he waited until September 24, 2009 to file a grievance with the LSU Faculty Senate, until February 10, 2010 to file this suit and until April 9, 2010 to file this motion.

2

injunction will result in irreparable injury; 3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and 4) that the injunction will not disserve the public interest. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806 (5th Cir.1989); *Conlay v. Baylor College of Medicine*, 2010 WL 774162 (S.D. Tex. March 3, 2010). A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir.1989). See *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecutoriana*, 762 F.2d 464, 472 (5th Cir. 1985)(plaintiff must carry the "heavy burden of persuading the Court" on all four elements.). The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

### A. Van Heerden Has Requested a Mandatory Injunction; Thus A Heightened Standard Applies

Van Heerden is not entitled to a lifetime of employment with LSU. He has no right to continued employment with LSU beyond the date of the expiration of his current contract on May 21, 2010. Van Heerden was an Associate Professor-Research who was employed by LSU under a series of contract appointments. Van Heerden is not, and has never been, a tenure track professor at LSU. He was employed pursuant to term appointments and any right of continued employment at LSU ceases upon the expiration of his current contract on May 21, 2010.

3

As such, Van Heerden is not requesting that the Court preserve the status quo. Van Heerden's current contract only provides for employment until May 21, 2010. The result Van Heerden seeks via his motion for preliminary injunction is for the Court to alter the status quo by requiring LSU to take the affirmative action of entering into another contract of employment with him (presumably with an unlimited term). Such an action would require LSU to allocate funds to Van Heerden's "new" contract - funds which are currently unavailable and/or allocated to other resources or employees. In fact, Van Heerden is asking the Court to do away with the status quo and give him new affirmative contractual rights which would not otherwise exist after May 21, 2010. Van Heerden is seeking a mandatory injunction under applicable federal law and a heightened standard applies.

There exist two general types of injunctive relief: prohibitory injunctions and mandatory injunctions. See *Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 75, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967). While a prohibitory injunction prohibits the non-movant from performing an act in order to maintain the status quo, a mandatory injunction requires the non-movant to perform an act which would disrupt the status quo. See *Justin Ind., Inc. v. Choctaw Securities, L.P.*, 747 F.Supp. 1218, 1220 (N.D. Tex. 1990). To obtain a mandatory injunction, Van Heerden must "carry the burden of showing ***clear entitlement*** to the relief under the facts and the law." See *Id.* (emphasis in original); See also *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv.*

*Corp.*, 441 F.2d 560, 561 (5th Cir.1971). "Injunctions are extraordinary remedies that are generally not favored, and mandatory injunctions **are even less favored than prohibitory injunctions** since they compel a person to act rather than simply maintain the status quo." *Justin Ind.* at Fn. 5(emphasis added); See also *Exhibitors Poster Exchange, Inc. v. Nat'l Screen Serv.*, 441 F.2d 560, 561 (5th Cir. 1971)(a mandatory injunction "should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party."); *Greenhouse v. Greco*, 368 F.Supp. 736, 739 (W.D. La. 1973)("[T]he requirements for issuing a mandatory injunction are **much stricter** than the very strict grounds required for issue of a prohibitory injunction."(emphasis added)).

In addition, when a party seeks injunctive relief in federal court against a state or local government or governmental entity, concerns of federalism counsel respect for the integrity and function of those bodies. *Knox v. Salinas*, 193 F.3d 123, 129-30 (2d Cir.1999) (quoting Schwartz v. Dolan, 86 F.3d 315, 319 (2d Cir.1996)). In other words, the federal court must be cautious about issuing an injunction against a state entity. Caution is especially appropriate in this case because the type of injunction sought is mandatory rather than prohibitory. See *Citizens Concerned For Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1299 (10th Cir.1980); *Signature Properties Int'l Ltd. P'ship v. City of Edmond*, 310 F.3d 1258, 1269 (10th Cir. 2002)

Van Heerden cannot meet the strict grounds required for the issuance of a prohibitory injunction against a state entity and certainly cannot satisfy the "much stricter" grounds of

5

establishing his "clear entitlement" to the mandatory injunction which he has requested.

**B.     Van Heerden Cannot Establish "Clear Entitlement" to Injunctive Relief**

As set forth above, Van Heerden must show that he is *clearly entitled* to relief by establishing a substantial likelihood of success on the merits; a substantial threat that failure to grant the injunction will result in irreparable injury; that the threatened injury outweighs any damage that the injunction may cause the opposing party; and that the injunction will not disserve the public interest. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). As requested by the Court, this memorandum will focus only on Van Heerden's failure to establish irreparable injury to Van Heerden.[3]

Irreparable injury is not presumed. It must be proven.[4] Van Heerden simply cannot establish that he will suffer irreparable injury in this case and, therefore, he is not entitled to injunctive relief. The "threat of irreparable injury is 'perhaps the single most important prerequisite for the issuance of a preliminary injunction.' " 11A Federal Practice and Practice and Procedure Civil 2d § 2948.1

---

[3]Defendants refer the Court to their original opposition memorandum for a discussion of Van Heerden's failure to establish the remaining three elements required of him in seeking injunctive relief.

[4]Plaintiff's argument that he is entitled to a presumption of irreparable harm is discussed and refuted in Section II(B)(2)(I) of Defendants' opposition memorandum. Further, even if Van Heerden were entitled to a presumption of irreparable harm (which is denied)Van Heerden's delay in seeking injunctive relief rebuts that presumption of irreparable harm. The law is well settled that undue delay demonstrates that there is no urgency and is "of itself sufficient to rebut the presumption of irreparable harm." *Polymer Techs. Inc. v. Birdwell*, 103 F.3d 970, 973 (Fed. Cir. 1996).

6

(1995). Indeed, the Supreme Court has stated "that the basis of injunctive relief in the federal courts has always been irreparable harm and **inadequacy of legal remedies**[.]" (Emphasis added). *Sampson v. Murray*, 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Irreparable harm requires a showing that: (a) harm to the plaintiff is imminent; (b) the injury would be irreparable; and (c) **the plaintiff has no other adequate legal remedy**. See *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir.1975).

### (i) An Adequate Remedy Exists For Loss of Employment

A preliminary injunction should be denied if it appears that the applicant has an adequate alternative remedy in the form of money damages or other relief. 11A Fed. Prac. & Proc. § 2948.1, pp. 149-151 (1995). The "central inquiry in deciding whether there is a substantial threat of irreparable harm to the [claimant] is whether the [claimant's] injury could be compensated by money damages." *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 529 (5th Cir.1983).

Van Heerden cannot allege irreparable harm because he has sought relief under §1983 and under that statute a broad range of relief, including compensatory damages, back pay, front pay and/or reinstatement, is generally available to plaintiffs. See generally *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853-54, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001). Further, Van Heerden has also sought relief under La. R.S. 23:967 which also provides for the recovery of damages, reasonable attorney fees, and court costs. These damages are an adequate remedy for his

7

claims and would compensate Van Heerden fully for any harm suffered should the Court ultimately find in his favor.

Courts have made clear that loss of employment does not create irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); *DFW Metro Line Services v. Southwestern Bell Tele. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990). *Holcombre v. City of Tupelo*, 2009 WL 87420 (N.D. Miss. 2009); *Weathers v. University of North Carolina at Chapel Hill*, 2008 WL 5110952 (MD N.C. 2008)(professor's alleged loss of earnings was temporary following a university's failure to renew her contract of employment since she would recover monetary damages if successful on her claims and therefore did not justify preliminary injunctive relief); *Keating v. University of South Dakota*, 386 F.Supp.2d 1096 (D.S.D. 2005)(a nontenured professor failed to establish irreparable harm because he had requested money damages as well as injunctive relief.) As the Supreme Court explained in *Sampson v. Murray*:

> The [plaintiff's] unverified complaint alleges that she might be deprived of her income for an indefinite period of time, that spurious and unrebutted charges against her might remain on the record, and that she would suffer the embarrassment of being wrongfully discharged in the presence of her co-workers. The Court of Appeals intimated that either loss of earnings or damage to reputation might afford a basis for a finding of irreparable injury and provide a basis for temporary injunctive relief. We disagree. 415 U.S. at 89, 94 S.Ct. at 952.

In *Sampson* the Supreme Court held that the injuries generally associated with a discharge from employment-loss of reputation, loss of income and difficulty in finding other employment-do not

8

constitute the "irreparable harm" necessary to obtain a preliminary injunction. *Id.* at 89-92; see also *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir.1988)(noting that loss of employment does not in and of itself constitute irreparable injury).

### (ii) Claims of Harm to Future Employment and Reputation Are Not Sufficient

Van Heerden claims, without any facts to support his assertion, that the "termination"[5] of employment from LSU, renders him unable to "serve as an expert in his field", impacts his ability to obtain replacement employment and harms his reputation. Motion at ¶ 15. His unsupported and speculative claim cannot support a finding of irreparable harm. Irreparable harm is neither speculative nor remote, but is actual and imminent. See *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). Van Heerden has not established and cannot set forth anything other than his own conclusory statements that LSU's decision not to renew his contract is causing actual or imminent danger to his ability to serve as an expert in his field.[6]

---

[5]It is important to note that Van Heerden was not "terminated"; instead LSU chose not to renew his one year contract. The LSU Regulations make abundantly clear, "non-reappointment carries no implication whatsoever as to the quality of the employee's work, conduct, or professional competence." Moreover, Van Heerden was given notice of non-renewal in April 2009 and was provided with a full terminal year (through May 21, 2010) within which to seek out and procure other employment.

[6]Van Heerden does not allege what efforts, if any, he has made to seek other employment during the now one year since being notified that his contract would not be renewed. In fact, in an April 12, 2009 email from Van Heerden to LSU employee Kristine Cologne, Van Heerden advises that he had already "been offered a position at another university" and intended to "list that university in the credits" of six documentary programs airing about him in the Summer of 2009.

9

Even if Van Heerden could produce evidence that the termination caused damage to his future employment or reputation, the *Sampson* court held that irreparable harm is not established in employment cases by an inability to find other employment or damage to reputation, unless truly extraordinary circumstances exist. See *Sampson, 415 U.S. at 92; Morgan v. Fletcher*, 519 F.2d 236, 239 (5th Cir. 1975). A plaintiff's financial situation or difficulties in obtaining other income generally will not support a finding of irreparable injury, regardless of how severely they may affect a particular individual. *Id.* See *Morgan v Fletcher*, 518 F.2d 236, 239 (5th Cir. 1975)(mere economic loss "falls short of the type of irreparable injury which is necessary to predicate the issuance of a preliminary injunction."). With regard to his reputation, Plaintiff has not established that the non-renewal of his term appointment contract has damaged his reputation. LSU's non-renewal of Van Heerden's one-year contract had no affect on his reputation, just as the non-renewal of the term appointments of many other LSU employees before and after Van Heerden had no affect on their reputations. Van Heerden, not LSU, is the one calling press conferences, publishing the matter and categorizing the non-renewal of his contract as a "termination."[7] In this case, the non-renewal of the contract (with an additional terminal year of employment) of a non-tenured Associate Professor-Research like Van Heerden does not establish reputational injury necessary to grant

---

[7] In that April 12, 2009 email from Van Heerden to LSU employee Kristine Cologne, Van Heerden makes clear his intent to create a "public relations nightmare for LSU." He also advises Ms. Cologne that his "termination" will make a great ending to a possible movie based upon his book.

10

injunctive relief, especially in light of the heightened standard associated with requesting a mandatory injunction.

Given the wide range of remedies available to Van Heerden under both state and federal law (in the unlikely event that he somehow could establish a violation), he simply cannot establish irreparable harm. Van Heerden's largely conclusory allegations that separation from his employment will cause irreparable damage to his reputation and career are "simply not of a magnitude to justify a preliminary injunction." *Howard v. Town of Jonesville*, 935 F.Supp. 855, 859 (W.D.La. 1996).

### (iii) Any Purported "Chilling Effect" Cannot Establish Irreparable Harm

As part of his discussion of irreparable harm, Van Heerden alleges that his speech as well as the speech of "other LSU employees has clearly been 'chilled' and stifled." Memorandum in Support, Section 2. With regard to the claim that he is irreparably harmed by the chill to his own speech, courts have generally denied preliminary injunction motions seeking reinstatement in employment cases where the alleged irreparable harm was the chilling of First Amendment rights. See *Am. Postal Workers Union*, 766 F.2d 715, 722 (2d Cir. 1985). As the Second Circuit explained in *Am. Postal Workers Union*:

> We fail to understand how a chilling of the right to speak or associate could logically be thawed by the entry of an interim injunction, since the theoretical chilling of protected speech...stems not from the interim discharge, but from the threat of permanent discharge, which is not vitiated by an interim injunction. *Id.*

See also, *Savage v. Gorski*, 850 F.2d 64 (2d Cir. 1988)("Since the source of the 'chill' is the

11

permanent loss of appellee's jobs, retaining those positions pending resolution of the case will do nothing to abate that effect..."). Similarly, in this case, if Plaintiff's speech has been chilled (which is denied), that harm would not be "vitiated" by a preliminary injunction, as the threat of the permanent non-renewal of his contract at the conclusion of the case remains.

Additionally, Van Heerden's conclusory and unsupported allegation that the speech of other LSU employees has been chilled cannot support a finding of irreparable harm to the Plaintiff. Even assuming that Plaintiff could somehow provide clear and substantial proof of a chilling effect on other employees (which is denied), this argument suffers from the same flaw as Plaintiff's assertion of the "chilling effect" on his own speech. A temporary order of reinstatement of a Plaintiff's employment would not cure the alleged chilling effect of the permanent non-renewal of a contract on third parties. See, e.g., *Piercy v. Federal Reserve Bank of New York*, 2003 WL 115230 (S.D.N.Y. 2003). Plaintiff's right to continued employment with LSU will continue to be the subject of litigation and his permanent separation of employment with LSU remains the likely result. An order of this Court granting Plaintiff employment during the pendency of this litigation would not nothing to thaw the alleged "chill."

### (iv) *Valley* Case

Plaintiff claims that if he is not granted injunctive relief, "he will continue to suffer irreparable harm" but fails to state what exactly that harm might be. Van Heerden concludes the

12

Case 3:10-cv-00155-JJB-CN   Document 26   05/14/10   Page 12 of 18

irreparable harm section in his memorandum with a reference to *Vergie Lee Valley v. Rapides Parish School Board*, 118 F.3d 1047 (5th Cir. 1997) and then states that "on account of the myriad of evidence regarding partiality, Dr. Van Heerden shows the likelihood of irreparable harm." In the Valley case, the Fifth Circuit did find that certain members of the Rapides Parish School Board were partial against the superintendent such that she did not receive the required procedural due process. However, this finding was made in connection with the Fifth Circuit's consideration of whether the superintendent was likely to succeed on the merits - not whether there was a substantial threat of irreparable injury. Defendants are puzzled as to what a finding of partiality (which is denied) would have to do with a determination by this Court of the existence of the likelihood of irreparable harm; however, out of an abundance of caution will elaborate on how the *Valley* case is totally different from Van Heerden's claims in numerous and important ways.

In *Valley*, a school superintendent sought a preliminary injunction enjoining the school board from terminating her. The District Court granted injunctive relief holding that the superintendent's due process rights to fair and impartial adjudicators at a discharge hearing were violated because of bias of certain voting board members. *Id.* at 1050. Unlike the superintendent in *Valley*, Van Heerden is not being terminated; his contract is merely not being renewed when it expires. Further, Van Heerden has no right to due process regarding LSU's decision not to renew his contract. The requirements of procedural due process apply only to the deprivation of interests encompassed by

13

the Fourteenth Amendment's protection of liberty and property. *Whiting v. Univ. of Southern Mississippi*, 451 F.3d 339, 344 (5th Cir. 2006). Van Heerden has a one-year contact which expires on May 21, 2010 and has no right to continued employment by LSU. Unlike the plaintiff in *Valley*, he has no due process rights in connection with LSU's decision to simply allow his contract to expire.[8]

Even if Van Heerden had any due process rights in connection with the non-renewal of his contract (which is denied), the argument that a due process violation equals irreparable injury is inherently flawed. If proof of due process constitutional violations satisfied the irreparable injury prong of the analysis, the Fifth Circuit would have had no reason to address irreparable injury in *Valley* or a myriad of other cases finding due process violations. Further, and more importantly, in *Valley*, to establish the element of irreparable injury, the superintendent showed not only that she had suffered a deprivation of her due process rights, but she has also provided strong evidence that the Board's biased finding of inefficiency and incompetence would inflict such severe injury to her professional reputation that a monetary award would likely be inadequate and almost certainly speculative. Van Heerden has not and cannot show that the mere nonrenewal of an expiring contract without cause presents circumstances which are at all similar to Valley.

The harm to professional reputation simply does not exist in this case. Van Heerden has not

---

[8] Defendants refer the Court to the cases cited on Pg. 12 of their original memorandum in opposition which establish that courts have routinely and summarily rejected claims of defacto tenure.

14

been discharged for inefficiency or incompetency like the superintendent in plaintiff in *Valley*. LSU simply chose to not renew his contract. There was no finding of inefficiency or incompetence - LSU made the decision to not renew the contract based on budgetary issues. LSU should be afforded great discretion in making budget decisions and should be allowed, without court intervention, to make the decision whether or not to renew a term contract with a non-tenured employee, such as Van Heerden. For the Court to review every personnel decision of LSU in this manner would deprive LSU of its independence and would promote legal challenges to future administrative decisions when no meritorious claims exist.

Van Heerden's request for a preliminary injunction in this case is quite similar to the recent case heard by Judge Tyson on February 23, 2010 in Slaughter v. Atkins, et al, Docket 09-CV-00190 (Doc #132-2), in which Dr. Slaughter sought an injunction to compel the Board of Southern University System to renew his two year contract after it expired. Judge Tyson noted that Dr. Slaughter was not "terminated", but rather his contract was not renewed. The Judge further noted that there was no evidence that the decision not to renew Dr. Slaughter's contract was based on anything other than valid employment and policy considerations. Similarly, this Court will hear evidence at the hearing on May 19th that LSU's decision not to renew Van Heerden's contract was based upon valid employment and policy considerations. As to Dr. Slaughter's contention that he would suffer irreparable injury if the injunction was not issued, Judge Tyson found no irreparable

injury had been proven and that any "injury could be cured by the payment of damages." Similarly, Van Heerden cannot show any irreparable injury for the same reason.

Judge Tyson further reasoned that Dr. Slaughter did not meet the fourth criteria for an injunction, i.e., that the injunction would not impair the public interest. The reasoning by Judge Tyson is very appropriate. He stated:

> "And this again rides into the fourth criteria, and that is that the injunction will not impair the public interest. The plaintiff is asking the Court to step into the internal administrative and academic affairs of a major educational institution and impose the Court's determination of who should or should not serve as president of that institution. The plaintiff is also asking the Court to ignore the policy and administrative considerations that the Board may properly have considered in reaching its decision not to renew the contract, and basically to take over the affairs of the institution by installing the plaintiff to his previous position. Such conduct in connection with a major educational institution particularly at a time in the affairs of this state in which the institution along with <u>other institutions of higher education in this state are fighting literally for their very lives in terms of trying to survive and function in spite of cuts to their operating budgets</u>. It is obvious that for the Court to step into such a situation, particularly, given the lack of a valid legal basis established by the plaintiff's case, would obviously harm the defendant and impair the public interest." (Emphasis added).

After analyzing the evidence and considering the arguments of counsel, Judge Tyson ruled that Dr. Slaughter failed to prove any of the four requirements for an injunction; that he was not "terminated"; that the contract expired at the end of the two year term; and that the Board of Supervisors was not required to renew the contract. LSU respectfully submits that this Court should issue a similar ruling with respect to Van Heerden's request that a mandatory injunction be issued

16

compelling LSU to renew his contract.

## II. CONCLUSION

The mandatory preliminary injunction requested by Van Heerden, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be granted unless the facts and law clearly favor him. *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir.1976). Just like the Slaughter case discussed above, Van Heerden cannot clearly carry the burden of persuasion on <u>any</u> of the four requirements. Van Heerden's situation is not the type of extraordinary circumstance which warrants prohibitory relief, much less the mandatory injunction sought herein. He cannot establish that he has or will suffer any harm which cannot be redressed by monetary relief. Van Heerden's motion for injunctive relief should therefore be denied.

By Attorneys,

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile: (225) 343-0630

By: /s/Richard F. Zimmerman, Jr.
    Richard F. Zimmerman, Jr. (#13800)
    Randal J. Robert (#21840)
    Jennifer A. Hataway (#26323)
    Julie M. McCall (#29992)
Attorneys for Defendants

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Supplemental Memorandum In Opposition To Van Heerden's Motion For Injunctive And/Or Equitable Relief was served on Jill L. Craft, 721 North Street, Baton Rouge, Louisiana 70802, by placing same in the United States mail, postage prepaid and properly addressed and/or by facsimile and/or by PACER notice, this 14th day of May, 2010.

/s/Richard F. Zimmerman, Jr.
Richard F. Zimmerman, Jr.

#240325