UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VAN HEERDEN

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE ET AL.

CIVIL ACTION

NO. 10-155-JJB

**Ruling on Motion for New Trial or for Relief from Order**

The matter before the Court is Plaintiff's motion (doc. 31) for a new trial or for relief from order. Defendants filed an opposition. (Doc. 35.) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, Plaintiff's motion is DENIED.

**Background**

In April 2009, Louisiana State University and Agricultural and Mechanical College ("LSU") provided Dr. Ivor van Heerden notice of non-reappointment, informing him that his last term of employment would end on May 21, 2010. At the time, LSU did not provide a reason for his effective termination.

Dr. van Heerden claims that LSU decided not to reappoint him in retaliation for public statements he made post-Hurricane Katrina, blaming the Army Corp of Engineers for constructing faulty levees, which led to the flooding of New Orleans. As his final day of employment neared, Dr. van Heerden filed a motion seeking a preliminary injunction requiring that LSU maintain his employment.

1

On May 27, 2010, the Court denied Dr. van Heerden's motion for a preliminary injunction following a multi-day hearing during which both parties presented substantial evidence and testimony. LSU presented the testimony of the three witnesses who made the decision to terminate Dr. van Heerden. Drs. Constant, Rusch, and Waggenspack each testified that budgetary restraints formed the impetus against reappointing Dr. van Heerden and that if the Court granted his preliminary injunction, the college would then have to terminate another professor.[1] Plaintiff contests that mere days after the hearing, LSU hired a new professor into the very same college that had employed Dr. van Heerden, thereby discrediting LSU testimony that budget concerns spurred their actions. Accordingly, Dr. van Heerden filed this motion for a new trial or for relief.

## Analysis

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, district courts have discretion to reconsider interlocutory rulings. *Zapata Gulf Marine Corp. v. P.R. Mar. Shipping Auth.*, 925 F.2d 812, 814-15 (5th Cir. 1991); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474-75 (M.D. La. 2002).[2] Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at

---

[1] Although it became obvious that these witnesses disliked Dr. van Heerden and handled his termination in a very unprofessional manner, the Court found their testimony credible as to the reason given for terminating him.

[2] Although parties often discuss Rule 59 of the Federal Rules of Civil Procedure in conjunction with motions for reconsideration, the plain language of Rule 59 indicates that it only applies after an entry of judgment is made. Fed. R. Civ. Pro. 59. This distinction is relevant because the time limitations and standard s for granting reconsideration are looser under Rule 54(b) than under Rule 59. *Livingston*, 259 F. Supp. 2d at 475.

2

all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (although not controlling on this Court, this case provides an excellent explanation of motions for reconsideration and the applicable legal standards). As a result, the Court retains jurisdiction under Rule 54(b) over all claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued. However, a motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court. *See Shields v. Shelter*, 120 F.R.D. 123, 126 (D. Colo. 1988) (stating that the losing party does not get a "second bite at the apple" by restating old arguments).

Here, Dr. van Heerden argues that LSU's hiring of a new professor—when its witnesses previously testified that budget restraints on this very year prevented them from retaining Dr. van Heerden—proves that LSU's non-discriminatory reason for terminating Dr. van Heerden was pretext. Thus, the Court should find that Dr. van Heerden is likely to win on the merits and thus should impose a preliminary injunction. In response, LSU argues that this faculty vote did not serve to hire a professor; the current dean of the college has no plans to make the hire because of budget concerns; the position is not the same position that Dr. van Heerden previously held; and that none of this evidence changes the fact that Dr. van Heerden failed to prove irreparable harm.

Indeed, in order to obtain a preliminary injunction, the movant must establish (1) a substantial likelihood of success on the merits, (2) a substantial

3

threat that he will suffer irreparable injury in the absence of the injunction, (3) that threatened injury to the movant outweighs any damage the injunction might cause the opponent, and (4) that the injunction will not disserve the public interest. *See, e.g., EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987). Although this new evidence could certainly alter the evidentiary record regarding Dr. van Heerden's likelihood of success on the merits, it has no bearing on Dr. van Heerden's failure to establish irreparable harm. As this evidence does not change the evidence regarding irreparable harm, the Court declines to reconsider or amend its ruling.

As a final point, the new evidence—even with LSU's reasonable explanations regarding the faculty vote—concerns the Court. After thoroughly reviewing the preliminary injunction hearing transcript, the Court will determine what actions, if any, to take.

## Conclusion

Because the new evidence does not provide grounds for finding Dr. van Heerden will suffer irreparable harm, the Court refuses to overturn its previous ruling or grant relief from its order. Accordingly, Plaintiff's motion (doc. 31) for a new trial or for relief from order is hereby DENIED.

Signed in Baton Rouge, Louisiana, on June 21st 2010.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4