UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IVOR VAN HEERDEN

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE

CIVIL ACTION

NO. 10-155-JJB-CN

## RULING ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFAMATION CLAIM

This matter is before the Court on Defendants' Motion (doc. 67) for Summary Judgment Regarding Plaintiff's Defamation Claim. Plaintiff has filed an opposition (doc. 77). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons stated herein, the Court GRANTS Defendants' motion.

## Background

### I. Facts

This case arises out of Louisiana State University's ("LSU") allegedly wrongful termination of Plaintiff Ivor van Heerden ("van Heerden") for statements he made in the aftermath of Hurricane Katrina which were critical of the U.S. Army Corps of Engineers ("the Corps"). The following facts are undisputed.

In 1992, Louisiana State University ("LSU") hired van Heerden to work at the Louisiana Geological Survey, and later at the College of Engineering, as an associate professor of research (doc. 54, ex. A). In 2000, van Heerden co-

1

founded the LSU Hurricane Center and was serving as its Deputy Director when Hurricane Katrina battered the Gulf Coast in 2005. Soon thereafter, van Heerden began making public statements suggesting that the Corps was to blame for the flooding of New Orleans. According to van Heerden, the Corps' failed to properly engineer and maintain the city's levees and was ultimately responsible for the breaches.

Unfortunately for van Heerden, the LSU administration and many of its faculty did not approve of his statements and feared that they might cause the University to lose federal funding. On a number of occasions, LSU administrators warned van Heerden not to misrepresent himself or the University and encouraged him to have statements to the press approved by the University. In 2006, former Vice Chancellor Michael Ruffner ("Ruffner") wrote a letter to the editor of the New York Times stating that van Heerden "had no professional credentials or training" in the engineering of levees. And from 2005 until 2008, LSU administrators and faculty exchanged a number of emails criticizing van Heerden's conduct.[1]

---

[1] On October 24, 2005, Dr. Roy Dokka emailed LSU administrators saying that he was "greatly concerned" about the deluge of irresponsible reports to the media . . . regarding what may or may not have caused the flooding in New Orleans" and that the "cowboys" needed to be "reigned in" (doc. 77, ex. D). On December 8, 2005, LSU-employee Robert Twilley ("Twilley") sent an email to Sydney Coffee of the Louisiana Department of Natural Resources stating:
> I just want the governor to know that Ivor was not involved in our coastal restoration team that helped [the Corps] develop the chief engineers' report. So he does not represent the wider coastal science and engineering community. So I am not sure what his 'recommendations' are to the governor and other high ranking state officials, but I am

On April 13, 2009, van Heerden, who had worked for LSU under a series of one-year contracts, was informed that his contract would not be renewed.

**II. Procedu ral History**

On February 10, 2010, Plaintiff filed suit against Defendants—the Board of Supervisors of LSU, Keel, Twilley, George Voyiadjis and David Constant—for, among other things, defamation. On March 30, 2011, Defendants filed their motion (doc. 67) to dismiss Plaintiff's defamation claim suggesting that none of their statements were defamatory and are nonetheless prescribed. On June 6, 2011, Plaintiff filed his opposition (doc. 77).

## Standard of Review

Summary judgment is appropriate if the evidence establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. Rule Civ. P. 56(c). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant does not bear the burden of persuasion on the issue at trial, the movant may establish its entitlement to summary judgment by demonstrating that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S.

---

concerned that we are not sending confusing messages from higher education to state officials.
(doc. 77, ex. D). And on May 23, 2007, Twilley emailed co-employee Brooks Keel ("Keel") stating, "think they confuse me with Ivor? Where is the cyanide pill?," to which Keel responded "we need to make sure they know the difference between Ivor and the rest of LSU. Were you wanting the cyanide pill for you... or Ivor??" (doc. 77, ex. D). Finally, on August 31, 2008, Twilley emailed a professor at the University of North Carolina that van Heerden was one of the "crazies" who had spoken out in the aftermath of Hurricane Gustav (doc. 77, ex. D).

317, 325 (1986). If the movant carries its burden, the non-movant must then demonstrate the existence of a genuine issue of material fact in order to survive the motion for summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## Discussion

Defendants assert that Plaintiff's defamation claim has prescribed because the allegedly defamatory statements were all made over a year before Plaintiff filed suit (doc. 67). Plaintiff alleges that his defamation claim has not prescribed because "the six (6) incidents comprise part of a very clear pattern of retaliatory harassment" and "the deliberate deprivation of Dr. van Heerden's liberty interests" (doc. 77).

Under Louisiana law, defamation claims are delictual in nature and are subject to a one-year prescriptive period which commences to run from the day the injury or damage is sustained. *Farber v. Bobear*, 56 So. 3d 1061, 1069 (La. Ct. App. 4th Cir. 2011). Typically, the party pleading prescription bears the burden of proof, but when the non-movant's petition is prescribed on its face, the burden shifts to the non-movent to prove the claim is not prescribed. *Eastin v. Energy Corp.*, 856 So. 2d 49, 53 (La. 2004).

The Court finds that there are no genuine issues of material fact. The last allegedly defamatory statement occurred on August 31, 2008 (doc. 77, ex. D), but Plaintiff did not file suit until February 10, 2010 (doc. 1). The Court also finds, therefore, that Defendants are entitled to judgment as a matter of law. Because

Plaintiff filed suit over one year after the allegedly defamatory statements, his claims have prescribed. *Farber*, 56 So. 3d at 1069. In addition, even if his defamation claim had not prescribed, Plaintiff failed to demonstrate that the statements were retaliatory in nature.

## CONCLUSION

Accordingly, the Court hereby GRANTS Defendants' Motion (doc. 67) for Partial Summary Judgment Regarding Plaintiff's Defamation Claim.

Signed in Baton Rouge, Louisiana this 9th day of JUNE, 2011.

JUDGE JAMES. J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA